PALMER, J.
Ricky Slater appeals his judgments and sentences which were entered by the trial court after he pled nolo contendere to the charges of aggravated manslaughter and aggravated child abuse, arguing that his plea is invalid because it was not freely, knowingly, and voluntarily entered. However, this claim of error is not properly cognizable on direct appeal.
In order for a defendant to challenge the voluntariness of his plea he must first file a motion to withdraw his plea with the trial court; he cannot challenge the volun-tariness on direct appeal nor move to withdraw his plea for the first time by the filing of a direct appeal. Griffin v. State, 820 So.2d 906 (Fla.2002). See also Jones v. State, 636 So.2d 835 (Fla. 5th DCA 1994)(noting that a defendant’s failure to timely move to withdraw a plea on volun-tariness grounds forecloses review on direct appeal and the defendant’s sole avenue of review is through filing a collateral attack). Since appellant did not seek to withdraw his plea before the trial court, we lack jurisdiction to entertain this appeal. See Skinner v. State, 399 So.2d 1064 (Fla. 5th DCA 1981). Accordingly, the appeal is dismissed without prejudice to appellant seeking appropriate collateral relief in the trial court.
DISMISSED.
COBB and PLEUS, JJ., concur.